1  SCHEER LAW GROUP, LLP
   SPENCER P. SCHEER #107750
   JOSHUA L. SCHEER #242722
2  REILLY D. WILKINSON #250086
   JONATHAN SEIGEL #168224
3  155 N. Redwood Drive, Suite 100
   San Rafael, CA  94903
4  Telephone:  (415) 491-8900
   Facsimile:  (415) 491-8910
5  A.337-037S

6  Attorneys for Secured Creditor
   AMERICAN GENERAL FINANCIAL SERVICES, INC.
7

8                  UNITED STATES BANKRUPTCY COURT FOR

9                  THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11
                                        Bk. No. 09-56279 - RLE
12 In re:
                                        Chapter 13
13 DAVID HOWARD PALMER,

14         Debtor.                       OBJECTIONS TO CONFIRMATION OF
                                        DEBTOR'S CHAPTER 13 PLAN
15
                                        Confirmation Hearing-
16                                       Date:   October 7, 2009
                                        Time:  9:50 a.m.
17                                       Place:  Bankruptcy Court
                                               280 S 1st St 3rd floor # 3099
18                                             San Jose, CA 95113

19

20         AMERICAN GENERAL FINANCIAL SERVICES, INC., its assignees and/or

21 successors in interest, secured creditor of the above named Debtor, hereby objects to the

22 confirmation of Debtor's proposed Chapter 13 Plan on the following grounds:

23         1.      AMERICAN GENERAL FINANCIAL SERVICES, INC. ("Lender") is the

24 obligee under a note and security agreement, which is secured by a **2004 TERRY M-320DBHS,**

25 **VIN 1EA1D322742482648, License No. 1KZ5956** ("Collateral"), pursuant to its proof of claim

26 on file with this court.

27

28
                        OBJECTIONS TO CONFIRMATION OF PLAN

2.       The following is a recap of the amounts claimed by Lender and the treatment of Lender's claim under the Plan.

| DEBTOR'S PLAN | LENDER'S CLAIM | GENERAL TERMS OF PLAN | |
|---|---|---|---|
| AMOUNT LISTED BY DEBTOR FOR LENDER'S CLAIM | TOTAL CLAIM AMOUNT OWED TO LENDER | LENGTH OF PLAN | FINAL PAYMENT DUE DATE ON LENDER'S LOAN |
| $9,000.00 | $17,313.35 | 44 months | January 1, 2012 |
| PROPOSED MONTHLY PAYMENTS TO LENDER | LENDER'S VALUE OF COLLATERAL | MISCELLANEOUS | |
| $90.00 | $12,300.00 | | |
| VALUE OF COLLATERAL LISTED IN PLAN | | | |
| $9,000.00 | | | |

3.       The secured amount owed to Lender on its secured loan is $17,313.35 pursuant to its proof of claim on file with this court.  However, the Debtor has specified in the Plan that Lender's claim is $9,000.00.  Where the allowed claim is secured by personal property, as Lender's claim is in this case, the valuation of the Collateral should be determined based on its replacement value, without deducting sales or marketing costs. <u>See</u> 11 U.S.C. § 506(a)(2). Section 506(a)(2) states that "replacement value" means the "price a retail merchant would charge for property of the same age and condition at the time value is determined." 11 U.S.C. § 506(a)(2).  The N.A.D.A. report dated August 11, 2009 sets the retail value of the Collateral at $12,300.00.  A copy of the N.A.D.A. report is attached hereto as Exhibit "A" and is incorporated herein by reference.  Lender requests that the court take judicial notice of this report pursuant to F.R.E. 201.

OBJECTIONS TO CONFIRMATION OF PLAN

1    4.    Debtor has proposed to repay this claim at 5% interest over the life of the Plan.

2    The contract rate of interest on this loan is 19.67%. Debtor's Plan should provide a higher rate

3    of interest to be paid to Lender. In Till v. SCS Credit Corporation, the Supreme Court set forth a

4    two-part "prime-plus" formula for the determination of interest paid to creditors under the

5    cramdown provisions in chapter 13 plans. 541 U.S. 465, 478-479 (2004). The interest rate owed

6    to creditors under this formula is the national prime rate adjusted upwards to account for risk. Id.

7    The Supreme Court listed risk factors to be evaluated for the upward adjustment of interest as (1)

8    "the circumstances of the estate," (2) "the nature of the security," and (3) "the duration and

9    feasibility of the reorganization plan." Id. The Plan should provide for the contract rate of

10   interest or, alternatively, it should provide for a rate of interest higher than that currently

11   proposed in order to account for risk of nonpayment pursuant to the factors listed in Till, id,

12   specifically because the Collateral is a rapidly depreciating asset and because of the length of the

13   plan. Because of the Debtor filing bankruptcy, the length of the Plan and the fact that the

14   Collateral is a rapidly depreciating asset, Lender is entitled to an increased interest rate. Because

15   a higher interest rate will increase payments due under the Plan, the Plan is in violation of 11

16   U.S.C. § 1325(a)(6).

17   5.    Debtor is attempting to repay arrearages owed to Lender over a time period

18   exceeding 36 months without showing "cause"; thus, the Plan should not be confirmed. See 11

19   U.S.C. § 1322(d)(2)(C).

20   6.    Due to the depreciation of the Collateral, it is likely that the Collateral will have

21   no value by the Plan's completion. Accordingly, the Plan may violate 11 U.S.C. § 1325(a)(4)

22   because Lender would likely receive more money if the Collateral is liquidated now than if the

23   Collateral depreciates over the term of the Plan and Debtor discontinues making payments.

24   7.    Further, given that Debtor has understated Lender's claim, the payments made

25   under the Plan will be insufficient to repay the listed claims, thereby extending the plan duration

26   beyond 60 months, which constitutes a violation of 11 U.S.C. §§ 1322(d) and 1325 (a)(6).

27   8.    Debtor has proposed a minimum monthly payment of $90.00 per month to the

28   Chapter 13 Trustee for pre-petition arrearages. It is likely that the Plan will run a negative

1    amortization on the payment of Lender's claim (i.e., the minimum payment will not cover

2    accruing interest) because there are administrative fees to be paid to Debtor's counsel and other

3    priority payments to be made to the Chapter 13 Trustee.  This is contrary to the Ninth Circuit's

4    holding in Great Western v. Sierra Woods Group, 953 F.2d 1174, 1177-1178 (9th Cir. 1992),

5    because the negative amortization of Lender's claim likely to result from the Debtor's Plan is

6    unfair such that the Plan should not be confirmed as submitted.

7          9.     Further, a minimum monthly payment of $90.00 puts the Plan in violation of 11

8    U.S.C. § 1325(a)(5)(B)(iii), which provides that the amount of payments on a secured claim shall

9    not be less than an amount that provides the secured creditor adequate protection.

10         10.     Debtor's Plan proposes payment to Lender of $90.00. Pursuant to the loan terms,

11    the regular monthly payment due to Lender from Debtor is $829.28.  In the last month, the

12    Collateral has depreciated $246.66 as evidenced by N.A.D.A valuations for August 11, 2009,

13    attached hereto as Exhibit "A," and November 13, 2008, attached hereto as Exhibit "B" .

14    Accordingly, the amount proposed by Debtor under the Plan will not cover interest to be paid on

15    Lender's claim.  Given the priority payments to be made to Debtor's counsel under the Plan, as

16    well as payments to other creditors, the treatment of Lender's claim will likely jeopardize

17    Lender's security interest because, as the Collateral's value progressively declines, the claim

18    amount increases and the proposed minimum plan payments do not cover the minimum interest

19    amounts needed to avoid an increase in the amount owing on the claim.  The Plan thereby results

20    in negative amortization of Lender's claim in violation of 11 U.S.C. § 1325(a)(5)(B)(iii). See

21    also Great Western v. Sierra Woods Group, 953 F.2d 1174 (9th Cir. 1992).

22         11.     Lender objects to any provision in Debtor's Plan that could be construed to

23    require it to convey the Certificate of Title to Debtor prior to completion of the Debtor's

24    obligations to fully repay Lender's claim under the Plan.  Such provision violates 11 U.S.C. §

25    1325(a)(5)(B)(i)(I).  Consequently, if Debtor proposes that his property shall revest upon

26    confirmation, Lender objects to such a provision if it requires conveyance of the Certificate of

27    Title prior to full payment of its secured and unsecured claims. Any such provision would

28    directly contradict 11 U.S.C. § 1325(a)(5)(B)(i)(I).

1      WHEREFORE, Lender prays that Debtor's Plan not be confirmed and that these

2  proceedings be dismissed, unless these objections are remedied.

3                                              SCHEER LAW GROUP, LLP

4

5  DATED:  September 11, 2009              REILLY D. WILKINSON
                                          #250086
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28